IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALPHONSO DEWAYNE OWENS, 321-012 | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. WDQ-05-2059 |
| DEPARTMENT OF CORRECTION-E.C.I. WARDEN | : | |
| Defendants. | : | |

ooo00ooo

**MEMORANDUM**

Pending is Defendants' unopposed Motion to Dismiss or in the Alternative Motion for Summary Judgment in this prisoner civil rights action.[1] After carefully considering the parties' submissions, the Court concludes that no hearing is necessary, see Local Rule 105.6 (D. Md. 2004), and the motion to dismiss will be granted.

**I. Background**

Plaintiff Alphonso Dewayne Owens, a prisoner in the custody of Maryland Division of Correction, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on July 27, 2005, against "The Department of Correction (ECI Warden)." Plaintiff claims that while incarcerated at the Eastern Correctional Institution (ECI) on October 12, 2004, he was assaulted by Gerald Kemp, another inmate. According to Plaintiff, Kemp was "out of bounds" and Plaintiff had previously informed Correctional Officer Miles that he and Kemp "had some words." Paper No.

---

[1] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Clerk on November 14, 2005, informed Plaintiff that: Defendants had filed a dispositive motion; Plaintiff had seventeen days in which to file written opposition to the motion; and if Plaintiff failed to respond, summary judgment could be entered against him without further notice. (See Paper No. 14). Plaintiff has chosen not to respond.

1 at 3, ¶ 3.  Officer Miles then instructed Plaintiff to stand by his cell.  See id.  Plaintiff complains Officer Miles failed to prevent Kemp from going out of bounds after she had been informed of Plaintiff's "issues with Mr. Kemp."  Paper No. 1 at 3.  As a result of the assault, Plaintiff suffered an eye injury.   Plaintiff claims Defendants violated his rights under the Eighth and Fourteenth Amendments, and he seeks monetary damages in the amount of $80,000.00.

## II.  Standard of Review

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 473 (4th Cir. 1997).  Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court, however, need not accept unsupported legal allegations, see Revene v. Charles County Comm'rs, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. See United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979).

## III.  Analysis

### A.  Claim Against the Warden

Plaintiff makes no specific allegations against the Warden of ECI in the complaint, and it is clear that Plaintiff's allegations against Warden Galley are based solely on the theory of vicarious liability, otherwise known as the doctrine of *respondeat superior*.  Liability under 42 U.S.C. §1983, however,  must be premised on personal conduct and cannot rest on *respondeat superior*.  See Monell v. Dept. of Social Services, 436 U.S. 658, 691-695 (1978).  Therefore, the

Warden is entitled to be dismissed from this lawsuit.

      B. Claim Against the Department of Correction[2]

Under the Eleventh Amendment, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state unless it consents. See Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984).   The Eleventh Amendment to the United States Constitution is a bar to suits against a state for damages in federal court, unless Congress has exercised its power under the Fourteenth Amendment to override this immunity or the state has waived it. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989).  The definition of "state" includes state agencies, such as the state prison system. "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (citations omitted).   The State of Maryland has not waived its sovereign immunity under the Eleventh Amendment to suit in federal court. Further, the Division of Correction is immune from suit under the Eleventh Amendment as a state agency, because it is not a "person" for purposes of 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).  For this reason, Plaintiff's claim against the Department of Corrections is barred by immunity.

---

    [2]    The court has accorded this pro se complaint liberal construction. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). The court has reviewed the complaint on the assumption that Plaintiff intends to name the Maryland Department of Public Safety and Correction Services and the Division of Correction.

C. Failure to Protect Claim

In order to prevail on his claim that prison officials failed to protect him from the violence of other inmates, Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. See Pressly v. Hutto, 816 F. 2d 977, 979 (4th Cir. 1987). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id., at 837; see also Rich v. Bruce, 129 F. 3d 336, 339– 40 (4th Cir. 1997). In a failure to protect claim, a prisoner must show, first, that the harm he suffered was objectively serious, and second, that prison officials acted with deliberate indifference. See Farmer, 511 U.S. at 834.

In the complaint, Plaintiff alleges that Officer Miles was informed that an inmate with whom he had "words" was out of bounds. As presented, there is no basis here for the Court to conclude that the officer knew of or was deliberately indifferent to a serious risk of harm posed to Plaintiff. Plaintiff does not specify the nature of these "words" or indicate whether they suggested that inmate Kemp posed a risk of serious harm. The complaint is devoid of any allegation that Defendants had any knowledge Plaintiff was about to be assaulted.

**IV. Conclusion**

      For these reasons, the Court will grant the motion to dismiss.  A separate Order consistent with this Memorandum follows.


<u>February 23, 2006</u>　　　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge